**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| OAKLEY, INC., a Washington Corporation,<br><br>     Plaintiff,<br><br>    v.<br><br>SMASH IT SPORTS INC., a New York Corporation; and DOES 1-10, inclusive,<br><br>     Defendant. | Civil Action No. |

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

**Plaintiff Oakley, Inc.** and ("Oakley" or "Plaintiff"), through its undersigned counsel, for its complaint against **Defendant Smash It Sports Inc.** ("Defendant") alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff files this action against Defendant for trademark infringement and unfair competition under the Lanham Trademark Act of 1946, 15 U.S.C. §1051 et seq. (the "Lanham Act"), and related claims under the common law of the state of New York.

2. Jurisdiction over the parties and subject matter of this action is proper in this Court pursuant to 15 U.S.C. § 1121 (actions arising under the Lanham Act), 28 U.S.C. § 1331 (actions arising under the laws of the United States), 28 U.S.C. § 1332(a) (diversity of citizenship between the parties), and § 1338(a) (actions arising under an Act of Congress relating to trademarks). This Court has supplemental jurisdiction over the claims in this Complaint that arise under common law pursuant to 28 U.S.C. § 1367(a).

3. This Court has personal jurisdiction over Defendant because Defendant is incorporated, domiciled, and/or conducts business in the state of New York.

4. Venue is properly founded in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant is incorporated, domiciled, and/or conducts business in this judicial district, and/or a substantial part of the events giving rise to the

claims in this action occurred within this district.

## PARTIES

5.  Plaintiff Oakley, Inc. ("Oakley") is a corporation organized and existing under the laws of the State of Washington, having its principal place of business at One Icon, Foothill Ranch, California 92610.

6.  Upon information and belief, Defendant is a corporation organized and existing under the laws of the state of New York, having its principal place of business at 1861 Scottsville Rd., Bld. 400, Ste B, Rochester, New York 14623.

7.  Plaintiff is unaware of the names and true capacities of Defendants, whether individual, corporate and/or partnership entities, named herein as DOES 1 through 10, inclusive, and therefore sue them by their fictitious names. Plaintiff will seek leave to amend this complaint when their true names and capacities are ascertained. Plaintiff is informed and believes and based thereon alleges that Defendant and DOES 1 through 10, inclusive, are in some manner responsible for the wrongs alleged herein, and that at all times referenced each was the agent and servant of the other Defendants and was acting within the course and scope of said agency and employment.

8.  Plaintiffs are informed and believe, and based thereon allege, that at all relevant times herein, Defendant and DOES 1 through 10, inclusive, knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior. Plaintiffs further allege that Defendant and DOES 1 through 10, inclusive, have a non-delegable duty to prevent or cause such acts and the behavior described herein, which duty Defendant and DOES 1 through 10, inclusive, failed and/or refused to perform.

## ALLEGATIONS COMMON TO ALL COUNTS

### A.   The OAKLEY® Brand and its Products

9.  Oakley has been actively engaged in the manufacture and sale of high quality eyewear since at least 1985. Oakley is the manufacturer and retailer of numerous

lines of eyewear and other products that have enjoyed substantial success and are protected by various intellectual property rights owned by Oakley.

10. Oakley is the owner of various trademarks (collectively, the "Oakley Marks"), including but not limited to the following United States Trademark Registrations:

| **Registration No.** | **Mark** | **Classes** | **Date of Registration** | **Image** |
|---|---|---|---|---|
| 1,519,823 | OAKLEY | 18 Athletic bags. | January 10, 1989 | OAKLEY |
| 1,521,599 | OAKLEY | 9 Sunglasses and accessories for sunglasses, namely, replacement lenses, ear stems and nose pieces. | January 24, 1989 | OAKLEY |
| 1,522,692 | OAKLEY | 25 Clothing, namely, shirts and hats. | January 31, 1989 | OAKLEY |
| 1,552,583 | OAKLEY | 9 Goggles. | August 22, 1989 | OAKLEY |
| 2,293,046 | OAKLEY | 25 Clothing, headwear and footwear and footwear, namely, sport shirts, jerseys, shirts, jackets, vests, sweatshirts, pullovers, coats, ski pants, headwear, caps, shoes, athletic footwear, all purpose sports footwear and socks. | November 16, 1999 | OAKLEY |
| 2,409,789 | OAKLEY | 14 Jewelry and time pieces, namely, watches. | December 5, 2000 | OAKLEY |

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

| 3,153,943 | OAKLEY | 9 Prescription eyewear, namely, sunglasses and spectacles; eyewear containing electronics devices, namely, protective eyewear, eyeglasses, sunglasses and spectacles; electronics, namely portable digital electronic devices for recording, organizing, and reviewing text, data and audio files; computer software for use in recording, organizing, and reviewing text, data and audio files on portable digital electronic devices; transmitters, receivers, speakers and parts thereof for use with cellular, wireless computer and telephone communication systems; communication devices for use on eyewear, namely earpieces, transmitters, receivers, speakers and parts thereof for use with cellular, wireless computer and telephone communication systems; wearable audio visual display, namely, protective eyewear, eyeglasses, sunglasses and spectacles containing an audio visual display; wireless | October 10, 2006 | OAKLEY |

| | | | | |
|---|---|---|---|---|
| | | telecommunications modules. | | |
| 3,771,517 | OAKLEY | 35  Retail store services and on-line retail store services featuring eyewear, replacement lenses, eyewear nosepiece kits, clothing, headwear, footwear, watches, decals, electronics devices, posters, athletic bags, handbags, backpacks and luggage. | April 6, 2010 | OAKLEY |
| 1,908,414 | OAKLEY stylized | 16 Printed material, namely decals and stickers. | August 1, 1995 | OAKLEY |
| 1,980,039 | OAKLEY stylized | 9, 25  Protective and/or anti-glare eyewear, namely sunglasses, goggles, spectacles and their parts and accessories, namely replacement lenses, earstems, frames, nose pieces and foam strips; cases specially adapted for protective and/or anti-glare eyewear and their parts and accessories clothing, headwear and footwear, namely T-shirts, sweatshirts, blouses, sweaters, sport shirts, jerseys, shorts, trousers, pants, sweatpants, ski pants, racing pants, jeans, coats, vests, jackets, swimwear, hats, visors, | June 11, 1996 | OAKLEY |

| | | caps, gloves, belts, socks, sandals and shoes. | | |
|---|---|---|---|---|
| 1,356,297 | OAKLEY stylized | 9, 25 Goggles, sunglasses, protective pads for elbows, feet and knees. Clothing - namely t-shirts; gloves; racing pants; hats; sweatshirts; sport shirts, jackets, jeans, jerseys and ski pants, jackets, hats, gloves and socks. | August 27, 1985 | OAKLEY |
| 1,519,596 | OAKLEY stylized | 9 Sunglasses and accessories for sunglasses, namely, replacement lenses, ear stems and nose pieces. | January 10, 1989 | OAKLEY |
| 3,143,623 | OAKLEY stylized | 9, 25 Protective eyewear, namely spectacles, prescription eyewear, anti glare glasses and sunglasses and their parts and accessories, namely replacement lenses, frames, earstems, and nose pieces; cases specially adapted for spectacles and sunglasses and their parts and accessories Clothing, namely, t-shirts, beach-wear, blouses, sports shirts, jerseys, swimwear, swim trunks, shorts, underwear, shirts, pants, racing pants, ski and snowboard pants and jackets, jeans, vests, jackets, wetsuits, | September 12, 2006 | Oakley |

| | | | | |
|---|---|---|---|---|
| | | sweaters, pullovers, coats, sweatpants, headwear, namely, hats, caps, visors and footwear, namely wetsuit booties, shoes, sandals, athletic footwear, all purpose sports footwear, thongs and boots. | | |
| 1,902,660 | OAKLEY and design | 16 Printed material, namely decals and stickers. | July 4, 1995 | |
| 1,990,262 | OAKLEY and design | 9, 25 Protective and/or anti-glare eyewear, namely sunglasses, goggles, spectacles and their parts and accessories, namely replacement lenses, earstems, frames, nose pieces and foam strips; cases specially adapted for protective and/or anti-glare eyewear and their parts and accessories clothing, headwear and footwear, namely T-shirts, sweatshirts, blouses, sweaters, sport shirts, jerseys, sweatpants, ski pants, racing pants, jeans, coats, vests, jackets, hats, visors, caps | July 30, 1996 | |

| | | | | |
|---|---|---|---|---|
| 3,496,633 | O | 25 clothing, namely, t-shirts, beach-wear, blouses, sports shirts, jerseys, swimwear, swimtrunks, shorts, underwear, shirts, pants, racing pants, ski and snowboard pants and jackets, jeans, vests, jackets, wetsuits, sweaters, pullovers, coats, sweatpants, headwear, namely, hats, caps, visors and footwear, namely, wetsuit booties, shoes, sandals, athletic footwear, all purpose sports footwear, thongs and boots. | September 2, 2008 | |
| 2,301,660 | O | 14 Jewelry and time pieces, namely, watches | December 21, 1999 | |
| 3,331,124 | O | 9, 25  Protective eyewear, namely spectacles, prescription eyewear, anti glare glasses and sunglasses and their parts and accessories, namely replacement lenses, frames, earstems, and nose pieces; cases specially adapted for spectacles and sunglasses and their parts and accessories; and protective clothing, namely, racing pants; Clothing, namely, t-shirts, beach-wear, | November 6, 2007 | |

| | | | | |
|---|---|---|---|---|
| | | blouses, sports shirts, jerseys, swimwear, swimtrunks, shorts, underwear, shirts, pants, ski and snowboard pants and jackets, jeans, vests, jackets, wetsuits, sweaters, pullovers, coats, sweatpants, headwear, namely, hats, caps, visors and footwear, namely wetsuit booties, shoes, sandals, athletic footwear, all purpose sports footwear, thongs and boots | | |
| 3,151,994 | O | 9 Protective eyewear, namely spectacles, prescription eyewear, anti glare glasses and sunglasses and their parts and accessories, namely replacement lenses, frames, earstems, and nose pieces; cases specially adapted for spectacles and sunglasses and their parts and accessories | October 03, 2006 | |
| 3,771,516 | O | 35 Retail store services and on-line retail store services featuring eyewear, replacement lenses, eyewear nosepiece kits, clothing, headwear, footwear, watches, decals, electronics devices, posters, athletic bags, handbags, backpacks and luggage | April 6, 2010 | |

| 3,785,868 | O | 9 Protective eyewear, namely, spectacles, prescription eyewear, anti glare glasses and sunglasses and their parts and accessories, namely, replacement lenses, frames, earstems, and nose pieces; cases specially adapted for spectacles and sunglasses and their parts and accessories | May 4, 2010 | |
|---|---|---|---|---|
| 2,300,245 | O | 25 clothing, namely, T-shirts, beachwear, blouses, sports shirts, jerseys, shorts, shirts, pants, racing pants, ski pants, vests, jackets, sweaters, pullovers, coats, sweatpants, sweatshirts, headwear, namely, hats, caps, and footwear, namely, shoes, athletic footwear, all purpose sports footwear | December 14, 1999 | |
| 2,207,455 | O | 18 luggage, duffle bags, athletic bags, luggage bags with rollers, wrist mounted carryall bags, tote bags, all purpose sports bags, knapsacks and backpacks | December 1, 1998 | |
| 2,209,416 | O | 9, 25 Protective and/or anti-glare eyewear, namely, goggles, and their parts and accessories, namely, cases specially adapted for protective and/or anti-glare eyewear and their parts and accessories; clothing, | | |

| | | | | |
|---|---|---|---|---|
| | | headwear and footwear, namely, T-shirts, hats, shorts, shirts, pants, jackets, sweatshirts, shoes, and pullovers | | |
| 1,927,106 | O | 16 printed material, namely decals and stickers | October 17, 1995 | ⬬ |
| 1,984,501 | O | 9, 25 protective and/or anti-glare eyewear, namely sunglasses, goggles, spectacles and their parts and accessories, namely replacement lenses, earstems, frames, nose pieces and foam strips; cases specially adapted for protective and/or anti-glare eyewear and their parts and accessories; clothing and headwear, namely T-shirts, sweatshirts, jackets, hats, and caps | July 2, 1996 | ⬬ |
| 1,904,181 | O | 9 protective and/or anti-glare eyewear, namely sunglasses, goggles and their parts and accessories, namely replacement lenses, earstems, frames, nose pieces and foam strips, cases specially adapted for protective and/or anti-glare eyewear and their parts and accessories | July 11, 1995 | ◯ |

| 3,693,071 | O | 18 Traveling bags and backpacks | October 6, 2009 | |

11.  Oakley has continuously used the Oakley Marks in interstate commerce since their respective dates of first use.  Many of the registrations to the Oakley Marks, including those set forth above, are incontestable.

12.  Over the years Oakley has invested a considerable amount of time and money in establishing the Oakley Marks in the minds of consumers as a source of high quality eyewear.  As a result of Oakley's substantial use and promotion of the Oakley Marks in connection with the eyewear and other products, the marks have acquired great value as a specific identifier of Oakley's products and serve to distinguish Oakley's products from that of others.  Customers in this judicial district and elsewhere readily recognize the Oakley Marks as distinctive designations of origin of Oakley's products. The Oakley Marks are intellectual property assets of great value as a symbol of Oakley's quality products and goodwill.

### B.  Defendant's Infringing Activities

13.  The present action arises from Defendant's wrongful importation, distribution, advertisement, marketing, offering for sale, and/or sale of eyewear bearing counterfeit reproductions of the Oakley Marks (hereinafter "Counterfeit Products").

14.  Products bearing the Oakley Marks were obtained from Defendant and have been examined and confirmed counterfeit by Plaintiff's representatives.

15.  Defendant's use of the Oakley Marks, including the promotion and advertisement, reproduction, distribution, sale and offering for sale of its Counterfeit Products, is without Plaintiff's consent or authorization.

16.  Defendant has never been authorized by Plaintiff to manufacture, sell or offer for sale products bearing any of the Oakley Marks.  Moreover, Defendant has never

been a licensee of Plaintiff and has never been licensed in any manner to import, sell, distribute, or manufacture any merchandise bearing the Oakley Marks.

17. Defendant, upon information and belief, is actively using, promoting and otherwise advertising, distributing, selling and/or offering for sale Counterfeit Products with the knowledge and intent that such goods will be mistaken for the genuine high quality Oakley ® products, despite Defendant's knowledge that they are without authority to use the Oakley Marks. The net effect of Defendant's actions will cause confusion of consumers at the time of initial interest, sale, and in the post-sale setting, who will believe Defendant's Counterfeit Products are genuine goods originating from, associated with, and approved by Plaintiff.

18. Upon information and belief, at all times relevant hereto, Defendant has had full knowledge of Plaintiff's ownership of the Oakley Marks, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

19. Upon information and belief, Defendant has engaged in the aforementioned infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Plaintiff's rights for the purpose of trading off the goodwill and reputation of Plaintiff. If Defendant's willfully infringing activities are not preliminarily and permanently enjoined by this Court, Plaintiff and the consuming public will continue to be damaged.

## COUNT I

### (Federal Trademark Infringement - 15 U.S.C. § 1114)

20. Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

21. The Oakley Marks are nationally and internationally recognized, including within this judicial district, as being affixed to goods and merchandise of the highest quality and coming from Plaintiff.

22. The registrations embodying the Oakley Marks are in full force and effect and a majority of them are incontestable.

23. Defendant's infringing activities, as set forth above, are likely to cause confusion, mistake, or deception, or to deceive consumers as to the source, origin, affiliation, association, or sponsorship of Defendant's goods or services and falsely mislead consumers into believing that Defendant's products originate from Plaintiff; are affiliated or connected with Plaintiff; or are licensed, sponsored, authorized, approved by, or sanctioned by Plaintiff; or that Plaintiff controls the quality of Defendant's products.

24. Defendant's infringing use of the Oakley Marks is without Plaintiff's permission or authority and in total disregard of Plaintiff's rights to control its trademarks.

25. Defendant's activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Plaintiff has produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendant's commercial and business activities, all to the detriment of Plaintiff.

26. Upon information and belief, Defendant's acts are deliberate and intended to confuse the public as to the source of Defendant's goods or services and to injure Plaintiff and reap the benefit of Plaintiff's goodwill associated with the Oakley Marks.

27. As a direct and proximate result of Defendant's infringing activities, Plaintiff has been injured and will continue to suffer injury to its business and reputation unless Defendant is restrained by this Court from infringing Plaintiff's trademarks.

28. Plaintiff has no adequate remedy at law.

29. In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendant from using the Oakley Marks, or any marks identical and/or confusingly similar thereto, for any purpose, and to recover from Defendant all damages, including attorneys' fees, that Plaintiff has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendant as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a), attorneys'

fees and treble damages pursuant to 15 U.S.C. § 1117(b), and/or statutory damages pursuant to 15 U.S.C § 1117(c).

## COUNT II

**(False Designation of Origin and False Advertising, 15 U.S.C. § 1125(a))**

30. Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

31. Defendant's infringing activities, as set forth above, are likely to cause confusion, mistake, or deception, or to deceive consumers as to the source, origin, affiliation, association, or sponsorship of Plaintiff's goods and services or Defendant's goods and services and falsely mislead consumers into believing that Defendant's products originate from Plaintiff; are affiliated or connected with Plaintiff; or are licensed, sponsored, authorized, approved by, or sanctioned by Plaintiff; or that Plaintiff controls the quality of Defendant's products.

32. Defendant's use of the Oakley Marks is without Plaintiff's permission or authority and in total disregard of Plaintiff's rights.

33. Plaintiff has been irreparably damaged by Defendant's unfair competition and misuse of the Oakley Marks.

34. Plaintiff has no adequate remedy at law.

35. Defendant's egregious conduct in selling infringing merchandise is willful and intentional.

36. In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendant from using the Oakley Marks, or any trademarks identical and/or confusingly similar thereto, and to recover all damages, including attorneys' fees, that Plaintiff has sustained and will sustain, and all gains, profits and advantages obtained by Defendant as a result of its infringing acts alleged above in an amount not yet known, and the costs of this action.

## COUNT III

**(Unfair Competition under New York Common Law)**

37.     Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

38.     Defendant's infringement of the Oakley Marks constitutes unfair competition in violation of the common law of the state of New York.

39.     Defendant is a competitor of Oakley and has utilized the Oakley Marks in connection with the promotion, advertisement, and marketing of its products in an effort to exploit Plaintiff's reputation in the market.

40.     Defendant's infringing acts were intended to capitalize on Plaintiff's goodwill associated therewith for Defendant's own pecuniary gain.  Plaintiff has expended substantial time, resources and effort to obtain an excellent reputation for its Oakley® brand.  As a result of Plaintiff 's efforts, Defendant is now unjustly enriched and is benefiting from property rights that rightfully belong to Plaintiff.

41.     Defendant's acts are willful, deliberate, and intended to confuse the public and to injure Plaintiff.

42.     Plaintiff has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendant's infringing conduct, unless it is enjoined by this Court.

43.     The conduct herein complained of was extreme, outrageous, and was inflicted on Plaintiff in reckless disregard of Plaintiff's rights.  Said conduct was in bad faith and harmful to Plaintiff and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of Defendant, and to deter it from similar conduct in the future.

44.     In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendant from infringing the Oakley Marks and to recover all damages, including attorneys' fees, that Plaintiff has sustained and will sustain, and all gains, profits and

advantages obtained by Defendant as a result of its infringing acts alleged above in an amount not yet known, and the costs of this action.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Oakley, Inc. respectfully requests that this Court enter judgment against Defendant Smash It Sports Inc. on all claims as follows:

1. Finding that: (i) Defendant has violated Section 32 of the Lanham Act (15 U.S.C. § 1114) and Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); (ii) Defendant has committed unfair competition under New York common law;

2. For entry of an ORDER granting permanent injunctive relief restraining and enjoining Defendant, its officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with them from:

   (a) using the Oakley Marks in connection with the manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, and/or selling of Defendant's products, including but not limited to the display of said trademarks at Defendant's stores and/or website to promote, advertise, and/or offer for sale products that are not authorized, approved, and/or originate from Oakley;

   (b) engaging in any other activity constituting unfair competition with Oakley, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements associated with Oakley;

   (c) committing any other act which falsely represents or which has the effect of falsely representing that the goods and services of Defendant are licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with Oakley;

3. For entry of an ORDER for an accounting by Defendant of all gains, profits, and/or advantages derived from its infringing acts;

4. For entry of an ORDER directing Defendant to file with this Court and serve on Oakley within ten (10) days after entry of the injunction a report in writing, under oath

setting forth in detail the manner and form in which Defendant has complied with the injunction;

5.  For an assessment of the damages suffered by Oakley, trebled, and an award of all profits that Defendant has derived from using the Oakley Marks, trebled, as well as costs and attorneys' fees to the full extent provided for by Section 35 of the Lanham Act; alternatively, that Oakley be awarded statutory damages pursuant to 15 U.S.C. § 1117 of up to $2 million per trademark counterfeited and infringed, per type of good;

6.  For an award of applicable interest amounts, costs, disbursements, and/or attorneys' fees;

7.  For an award of punitive damages in connection with its claims under New York law;

8.  Such other relief as may be just and proper.

Dated:  August 16, 2018
        Los Angeles, California          Respectfully Submitted,

_____
Brent H. Blakely (BB1966)
Blakely Law Group
1334 Parkview Avenue, Suite 280
Manhattan Beach, CA 90266
Telephone: (310) 546-7400
Facsimile:  (310) 546-7401
***Attorneys for Plaintiff Oakley, Inc.***

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Oakley, Inc. requests a trial by jury in this matter.

Dated: August 16, 2018
Los Angeles, California

Respectfully Submitted,

_____
Brent H. Blakely (BB1966)
Blakely Law Group
1334 Parkview Avenue, Suite 280
Manhattan Beach, CA 90266
Telephone: (310) 546-7400
Facsimile:  (310) 546-7401
***Attorneys for Plaintiff Oakley, Inc.***